IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
                                           :

ROTH STAFFING COMPANIES, L.P.      :         3:13 CV 216 (JBA)
                                           :

v.                                          :

THOMAS BROWN ET AL.               :         DATE: AUGUST 18, 2014
                                           :
------------------------------------------------------x

<u>RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND ON PLAINTIFF'S
RENEWED MOTION TO COMPEL AND FOR SANCTIONS</u>

        Familiarity is presumed with the multiple rulings and orders filed by this Magistrate Judge in this litigation.  (Recommended Ruling on Plaintiff's Motion for Preliminary Injunction, filed October 16, 2013 (Dkt. #56); Supplemental Recommended Ruling on Plaintiff's Motion for Preliminary Injunction, filed December 19, 2013 (Dkt. #71); Second Supplemental Recommended Ruling on Plaintiff's Motion for Preliminary Injunction, filed February 25, 2014 (Dkt. #86); and Electronic Order on Plaintiff's Motion for Sanctions, filed May 9, 2014 (Dkt. #107)["May 2014 Discovery Order"]).   Under the latest scheduling order, filed July 28, 2014 (Dkt. #126), all discovery is to be completed by October 30, 2014, and after a pre-filing conference, all dispositive motions are to be filed by November 26, 2014.  (¶¶ 1-3).

        The procedural history behind these two pending motions is set forth in the May 2014 Discovery Order (Dkt. #107), namely that on December 11, 2013, plaintiff filed a Motion to Compel and for Attorney's Fees (Dkts. ##67-69), which was granted by this Magistrate Judge on February 25, 2014, no timely brief in opposition having been filed by defendants Brown and OEM ProStaffing, Inc. ["Brown Defendants"]; plaintiff's request for attorney's fees was denied without prejudice to renew after discovery was completed, and the Brown Defendants were ordered to comply with the outstanding discovery requests by March 14,

2014. (Dkt. #85). On April 16, 2014, plaintiff filed a Motion for Sanctions under FED. R. CIV. P. 37(b) (Dkt. #103), when the Brown Defendants failed to comply with the Court's February 25, 2014 Electronic Order, so that plaintiff sought a default judgment against the Brown Defendants under Rule 37(b)(2)(A)(vi), or alternatively, adverse inferences against the Brown Defendants due to their non-compliance, prohibiting them from supporting their defenses or opposing plaintiff's claims, and/or treating them in contempt of court. See FED. R. CIV. P. 37(b)(2)(A)(I), (ii), (vi). (Dkt. #103). In addition, plaintiff sought attorney's fees for both motions. The May 2014 Discovery Order held that "[e]ven though the Brown Defendants have not opposed this motion, at this juncture, the Magistrate Judge will give these two defendants **one last opportunity** to comply with the outstanding discovery requests, before imposing a harsh sanction upon them." (Dkt. #107)(emphasis in original). The Magistrate Judge ordered that the Brown Defendants "fully comply with **all** outstanding discovery requests" by May 30, 2014, and further that "at a minimum, plaintiff is entitled to attorney's fees in connection with" its December 11, 2013 Motion to Compel as well as the then pending motion. (Id.)(emphasis in original). Plaintiff was instructed to file its Motion for Attorney's Fees, brief, affidavit(s) and exhibits by May 30, 2014, and "[i]n the event that the Brown Defendants do not fully comply with plaintiff's outstanding discovery requests, plaintiff is, of course, free to renew its pending motion [for sanctions]." (Id.).

In accordance with the May 2014 Discovery Order, on May 30, 2014, plaintiff filed the pending Motion for Attorney's Fees in Connection with Motions to Compel and for Sanctions, brief and affidavit in support. (Dkt. #113).[1] On June 20, 2014, the Brown Defendants filed their brief in opposition (Dkt. #119), as to which plaintiff filed its reply brief on July 7, 2014.

---

[1] Attached as Exh. A to the affidavit of plaintiff's counsel, sworn to May 30, 2014 ["Aff't"], is time sheet of fees, for the period December 5, 2013 to April 16, 2014.

(Dkt. #122)

As further permitted by the May 2014 Discovery Order, on July 7, 2014, plaintiff filed the pending Renewed Motion to Compel and for Sanctions, brief and affidavit in support (Dkt. #121),[2] as to which the Brown Defendants filed their brief in opposition twenty-one days later. (Dkt. #127). Plaintiff filed its reply brief on August 7, 2014. (Dkt. #131).[3]

On July 23, 2014, U.S. District Judge Janet Bond Arterton referred these motions to this Magistrate Judge. (Dkt. #124).

For the reasons stated below, plaintiff's Motion for Attorney's Fees in Connection with Motions to Compel and for Sanctions (Dkt. #113) is granted in the amount of $5,694.00; and plaintiff's Renewed Motion to Compel and for Sanctions (Dkt. #121) is granted in part.

## I.  DISCUSSION

### A.  PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (Dkt. #113)

In this motion, plaintiff seeks $5,167.50, at a rate of $325/hour, for the 15.9 hours expended from December 5 to December 11, 2014 with respect to plaintiff's Motion to Compel (Dkt. #67), and an additional $1,794.00, at a rate of $345/hour, for the 5.2 hours spent on April 16, 2014 with respect to plaintiff's Motion for Sanctions (Dkt. #103), for a total of $6,961.50. (Dkt. #113, Brief at 1-2; Aff't ¶¶ 3-6; Exh. A). With respect to the hourly

---

[2]The following twelve exhibits are attached: copy of computer screenshots from GoldMine database (Exh. A); copy of spreadsheets (Exh. B); copies of correspondence between counsel, dated May 23 & 30, 2014, with attachments (Exhs. C, F); copies of e-mails between counsel, dated May 6, 22 & 30, and June 2 & 17, 2014 (Exhs. D-E, G-H, J-L); and copy of Plaintiff's Third Set of Interrogatories and Request for Production to Defendant OEM Prostaffing, Inc., dated April 16, 2014 (Exh. I).

[3]The following five exhibits are attached: copies of  printouts from http://www.goldmine.com on August 7, 2014 (Exh. A); additional copies of screenshots from the GoldMine database (Exh. B); additional copies of spreadsheets (Exh. C); copy of defendant's responses to Plaintiff's Third Set of Interrogatories and Request for Production to Defendant OEM Prostaffing, Inc., dated July 24, 2014 (Exh. D); and copy of e-mail and correspondence between counsel, dated July 28, 2014 (Exh. E).

fee, defendants "request the Court [to] apply its discretion in deciding wether [the requested] hourly rates are appropriate for similarly-qualified attorneys in its Court." (Dkt. #119, at 3).  Defendants do object to the 15.9 hours spent on a fourteen-page brief, characterizing many of the entries as "repetitive" and further object to the 5.2 hours spent on a six-page brief, some of which "mirror[ed] much of the procedural and factual background" used in the prior motion. (Id. at 3-4).

In its reply brief, plaintiff argues that the attorney's fees sought are reasonable in that the Brown Defendants failed to comply with discovery requests, failed to oppose plaintiff's original two motions, and failed to comply fully with the Court's orders. (Dkt. #122, at 1-3).

While the Brown Defendants are correct that plaintiff's first discovery brief (Dkt. #68) was only fourteen substantive pages, it also included twenty exhibits, covering 114 pages; however, it should not have taken counsel nearly two business days to draft, edit and assemble the filings for this motion, and as a result, plaintiff's time is reduced to 12.0 hours, at $325/hour, or $3,900.00.  The 5.2 hours expended upon the second motion, brief, affidavit, and exhibits in support (Dkt. #103) were not unreasonable, so that plaintiff is entitled to be compensated for those hours, at $345/hour, or $1,794.00.  Thus, plaintiff is entitled to a total of $5,694.00.

B.  PLAINTIFF'S RENEWED MOTION TO COMPEL AND FOR SANCTIONS (DKT. #121)

Three categories of documents are at issue here.  The first category is responsive information from the GoldMine database used by defendant OEM ProStaffing with respect to four customers, namely Connecticut Spring and Stamping, Lincoln Waste, Aqua Blasting, and Dry-Air, as well as any other of plaintiff's customers. (Dkt. #121, Brief at 2-3 & Exhs. A-H; Dkt. #131, at 1-3 & Exhs. A-C).  In their brief in opposition, the Brown Defendants

maintain that they have given plaintiff "any and all information from Gold[M]ine that was utilized by OEM ProStaffing and through its certification of the discovery, . . . [d]efendant [OEM ProStaffing] stated such under oath." (Dkt. #127, at 1). Although this certification was not attached to the Brown Defendants' brief, plaintiff did not object in its reply brief to this assertion by the Brown Defendants. Like plaintiff, the Magistrate Judge is skeptical that no other documents exist. However, in light of defendant OEM ProStaffing's representation under oath, plaintiff's motion is granted to the extent that the Brown Defendants are precluded, under FED. R. CIV. P. 37(b)(2)(A)(ii) from introducing any additional documents at trial or in memoranda of law other than those limited ones provided to plaintiff during the discovery process.

The second category are the attachments to e-mails that were produced during discovery. (Dkt. #121, Brief at 3-4 & Exhs. C, F-H). In their brief in opposition, the Brown Defendants represent that they "attempted to recover the attachments . . . but were unable to recover [them]." (Dkt. #127, at 2). In its reply brief, plaintiff indicates that it intends to file a separate motion for sanctions based on spoliation of evidence after it has had the opportunity to conduct further discovery into defendant OEM ProStaffing's failures to preserve evidence, and "at the very least," plaintiff requests that defendant OEM Prostaffing be sanctioned for its failure to produce evidence, and requests additional attorney's fees and costs incurred in its ongoing efforts to secure the Brown Defendants' full compliance with written discovery. (Dkt. #131, at 3). As with the GoldMine database, **on or before September 5, 2014,** defendant OEM ProStaffing shall file a sworn affidavit which details the efforts that it took to recover these attachments and shall swear, under oath, that it has been unable to recover them; in addition, plaintiff's motion is further granted to the extent

that the Brown Defendants are precluded, under FED. R. CIV. P. 37(b)(2)(A)(ii) from introducing any of these attachments at trial or in memoranda of law.  Plaintiff is also entitled to attorney's fees with respect to this issue, which motion may be filed after it completes discovery on spoliation.

The last category concerns plaintiff's Third Set of Interrogatories and Request for Production.  (Dkt. #121, Brief at 4-5 & Exhs. J-L; Dkt. #131, at 3-4 & Exhs. D-E).  In their brief in opposition, the Brown Defendants contend that they "fully responded" on July 25, 2014.  (Dkt. #127, at 2).  The Magistrate Judge agrees with plaintiff that defendant OEM ProStaffing's responses are inadequate with respect to Interrogatories Nos. 21-24, and Request for Production Nos. 26-30, 32, 38, 40, and 44 (Dkt. #131, at 3-4 & Exhs. D-E), and defendant OEM ProStaffing shall fully comply **on or before September 12, 2014**.[4]

## II.  CONCLUSION

For the reasons stated above, plaintiff's Motion for Attorney's Fees in Connection with Motions to Compel and for Sanctions (Dkt. #113) is <u>granted in the amount of $5,694.00</u>; and plaintiff's Renewed Motion to Compel and for Sanctions (Dkt. #121) is <u>granted in part to the extent set forth in Section I.B. supra</u>.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

The parties are free to seek the district judge's review of this recommended ruling. <u>See</u> 28 U.S.C. § 636(b)**(written objection to ruling must be filed within fourteen**

---

[4] If defendant OEM ProStaffing does not fully comply, plaintiff may seek additional remedies at a later time.

**calendar days after service of same)**; FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 18th day of August, 2014.

    /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
U.S. Magistrate Judge