UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROTH STAFFING COMPANIES, L.P., <br>     *Plaintiff*, <br>     *v.* <br> THOMAS BROWN, *et al.*, <br>     *Defendants*. | Civil No. 3:13cv216 (JBA) <br><br> May 12, 2015 |

**ORDER OF CLARIFICATION REGARDING RECOMMENDED RULING**

    This Order supplements and clarifies the Court's Order [Doc. # 93] approving and adopting the Second Supplemental Recommended Ruling and stating that the two prior Recommended Rulings were "deemed moot." However, the Court has not previously addressed Defendants' Objection [Doc. # 57] to the Recommended Ruling [Doc. # 56] that recommended that the Court grant Plaintiff's Motion [Doc. # 3] for a Preliminary Injunction. For the reasons that follow, Defendants' Objection is overruled and Plaintiff's Motion is granted.

**I.    Background**

    Plaintiff's Motion for a Preliminary Injunction [Doc. # 3] sought to enjoin Defendants (1) from divulging Plaintiff's confidential business information; (2) participating in any venture that competed with Plaintiff within 25 miles of any of its locations; (3) soliciting any of Plaintiff's customers with whom Defendant Brown had contact while employed by Plaintiff; (4) soliciting any of Plaintiff's employees; and (5) to return to Roth Staffing any of its confidential information in their possession. The parties entered into a Stipulated Order [Doc. # 30] approved [Doc. # 34] by Magistrate Judge

Margolis in which they jointly consented to all but Plaintiff's second and fifth requests in the Preliminary Injunction.

On October 16, 2013, after conducting an evidentiary hearing, Magistrate Judge Margolis issued a Recommended Ruling [Doc. # 56] recommending that the Court grant Plaintiff's Motion for a Preliminary Injunction and enjoin Defendant Brown to comply with the one-year noncompetition provision in his employment contract with Plaintiff and to return to Plaintiff its confidential business information. Magistrate Judge Margolis requested supplemental briefing on (1) whether this one-year period should commence on June 26, 2013, when she granted the Joint Motion for a Stipulated Order, or on the date of the Recommended Ruling, October 16, 2013[1] and (2) on how much bond Plaintiff should be required to post. (Recommended Ruling at 27.)

On October 30, 2013, Defendants objected [Doc. # 57] to the Recommended Ruling, only insofar as it enjoined Defendants to comply with the noncompetition provision. On November 14, 2013, Plaintiff filed [Doc. # 65] an opposition to Defendants' Objection. On November 8, 2013, Plaintiff filed [Doc. # 60] a Supplemental Brief, addressing the issue of when the Preliminary Injunction should commence and the issue of bond. Defendants did not file a supplemental brief, and on December 19, 2013, Magistrate Judge Margolis issued [Doc. # 71] a Supplemental Recommended Ruling, setting the commencement of the Preliminary Injunction at the date of the Recommended Ruling absent objection and holding the question of bond in abeyance pending the parties' settlement discussions. On February 25, 2014, Magistrate Judge

---

[1] The employment contract provided for tolling of the one-year limitation period while Defendant Brown was noncompliant.

Margolis issued [Doc. # 86] a Second Supplemental Recommended Ruling, noting that settlement talks were not fruitful and setting bond at $75,000.

On March 14, 2014, this Court issued an Order [Doc. # 93] approving and adopting the Second Supplemental Recommended Ruling absent objection and concluding that the two prior Recommended Rulings were "moot."

II.  Discussion

Given that the Second Supplemental Recommended Ruling did not supersede the original Recommended Ruling, this Court erred in "deem[ing] moot" the original Recommended Ruling and implementing the Preliminary Injunction without addressing Defendants' objections.[2] It will do so now.[3] First, although Defendants' objection was not moot at the time of the Court's original Order, it has since become moot. The objected to portion of the Recommended Ruling enforced a one-year noncompetition provision that

---

[2] Defendants did not move for reconsideration or otherwise object to the Court's oversight.

[3] While generally a magistrate judge can hear and determine any pretrial matter that is not dispositive of a party's claims or defenses, see Fed. R. Civ. P. 72(a), a motion for injunctive relief is considered dispositive and thus the Court reviews de novo those portions of the Recommended Ruling to which objection is made, 28 U.S.C. § 636(b)(1)(B)–(C); see also Mitchell v. Century 21 Rustic Realty, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002) ("Motions for preliminary injunctions are dispositive matters."); Fed. R. Civ. P. 72(b)(3).

3

commenced on October 16, 2013 and thus this portion of the Preliminary Injunction dissolved by its own terms on October 16, 2014.[4]

Second, Defendants' objection to the Recommended Ruling is without merit. Defendants contended that the Recommended Ruling (1) failed to recognize that the 25-mile geographical and one-year temporal limitations would have an "extreme detrimental effect" on Defendant Brown; (2) was "unfairly skewed in favor of" Roth; (3) incorrectly stated that enforcement of the noncompetition provision would be in the public interest; (4) and incorrectly found irreparable harm. (Defs.' Obj. at 2–6.) Defendants do not cite any authority in support of their first three arguments regarding the enforceability of the non-competition agreement, and as Magistrate Judge Margolis noted, "under Connecticut law, post-employment covenants are valid if reasonable under the circumstances." *MacDermid, Inc. v. Raymond Selle & Cookson Grp. PLC*, 535 F. Supp. 2d 308, 316 (D. Conn. 2008).

The five factors to be considered in evaluating the reasonableness of a restrictive covenant are: (1) the length of time the restriction operates; (2) the geographical area covered; (3) the fairness of the protection accorded to the employer; (4) the extent of the restraint on the employee's opportunity to pursue his occupation; and (5) the extent of interference with the public's interests. *Robert S. Weiss & Associates, Inc. v. Wiederlight*, 208 Conn. 525, 529 n.2 (1988). Both the one-year and 25-mile limitations in the

---

[4] The portion of the Preliminary Injunction ordering the return of Plaintiff's confidential business information is not moot. Defendants did not object to this portion of the Recommended Ruling, although they denied that they were in possession of any such information. The Court approves and adopts this portion of the Recommended Ruling absent objection.

restrictive covenant are well within the realm of reasonable to protect Roth Staffing's business interests in the Hartford area and greater restrictions have been upheld by Connecticut courts. *Id.* at 531 ("[T]he two year limitation fairly protected the plaintiff's interests in the commercial insurance business in the Stamford area while ensuring that Wiederlight could return to commercial insurance in that area within a definite period of time."); *Scott v. Gen. Iron & Welding Co.*, 171 Conn. 132, 140 (1976) ("[A] five-year restriction is reasonable."); *United Rentals, Inc. v. Bastanzi*, No. 3:05CV596 (RNC) (DFM), 2005 WL 5543590, at *7 (D. Conn. Dec. 22, 2005) ("The restricted area—a 75 mile radius of the Gainesville, Florida branch—accurately captures the market serviced by the plaintiff and thus is precisely drawn to protect its goodwill. An employer can protect its business in the area where it does business.").

Defendants next contend that enforcement of the restrictive covenant will harm the public interest because several of Defendant Brown's clients "have expressed a desire to either continue working with him or to bring their business to the defendant OEM Prostaffing." (Defs' Obj. at 4.) However, in considering this factor, "the determinant is not whether the public's freedom to trade has been restricted in *any* sense, but rather whether that freedom has been restricted unreasonably." *New Haven Tobacco Co. v. Perrelli*, 11 Conn. App. 636, 639 (1987). By enforcing restrictive covenants, the Connecticut Supreme Court has recognized that "the public does not have an inherent right to do business with whomever it chooses when the individual of its choice has contracted away his ability to do business with the public." *Id.* at 640 n.3. The public's interest in a completely unrestricted marketplace does not mandate the non-enforcement of a restrictive covenant intended to safeguard an employer's business interest where "the

employment involves the employee's contacts and associations with clients or customers" because "it is appropriate to restrain the use, when the service is ended, of the knowledge and acquaintance, so acquired, to injure or appropriate the business which the party was employed to maintain and enlarge." *Robert S. Weiss & Associates, Inc.*, 208 Conn. at 533 (internal alterations and quotation marks omitted).

Finally, Defendants contend that even if the restrictive covenant were enforceable, the Recommended Ruling erred in presuming irreparable harm would result from Defendant Brown's noncompliance such that a preliminary injunction should issue. (Defs.' Obj. at 6.) While the Recommended Ruling noted that a number of Connecticut courts have held that irreparable harm may be assumed where a party breaches a restrictive covenant (Recommended Ruling at 23), the Recommended Ruling did not assume irreparable harm but rather engaged in an extensive discussion of the ways in which Defendants' non-compliance would cause irreparable harm by allowing them to use Plaintiff's confidential business information to poach clients (*id.* at 23–27).

Notwithstanding, Defendants' contention that irreparable harm should not be assumed, it cites no evidence or authority to suggest that irreparable harm would not result from noncompliance with the restrictive covenant here. To the contrary, the record evidence shows that Defendant Brown solicited clients from his former employer and "the resulting loss of client relationships and customer good will built up over the years constitutes irreparable harm." *Johnson Controls, Inc. v. A.P.T. Critical Sys., Inc.*, 323 F. Supp. 2d 525, 532 (S.D.N.Y. 2004); *see also Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 69 (2d Cir. 1999) ("[I]t would be very difficult to calculate monetary damages that would

successfully redress the loss of a relationship with a client that would produce an indeterminate amount of business in years to come.").

### III.   Conclusion

For the foregoing reasons, Defendants' Objection [Doc. # 57] to the Recommended Ruling [Doc. # 56] is OVERRULED and Plaintiff's Motion [Doc. # 3] for a Preliminary Injunction is GRANTED *nunc pro tunc*.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of May, 2015.